IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

BENNIE DAVID GUY §

v. § CIVIL ACTION NO. 6:09cv286

GREG ABBOTT, ATTORNEY GENERAL, §
STATE OF TEXAS

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Bennie Guy, an inmate of the Arkansas Department of Corrections proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of a conviction which he received from the State of Texas, which he is presently serving concurrently with a sentence from the State of Arkansas. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Guy originally filed his petition in the U.S. District Court for the Eastern District of Arkansas, which thereupon transferred it to this Court. He says that he was convicted of sexual assault in the 124th Judicial District Court of Gregg County, Texas, receiving a sentence of 40 years in prison; Guy says that he pleaded guilty to "sexual assault, criminal episode, habitual offender," but that he thought it was only sexual assault.

On June 19, 1997, Guy says, he sent an appeal to the Texas Court of Criminal Appeals, which returned it to him with the notation that he had to send it to the Sixth Judicial District Court of Appeals in Texarkana. Guy states that he did so, but never heard anything from that court.

1

Guy later filed a habeas corpus petition in St. Francis County, Arkansas, which he says resulted in the dismissal of his charge in that county; Guy contends that this charge had been used by Gregg County, Texas, to enhance his sentence and give him extra time, and so he says that the court in Gregg County should remove the "criminal episode" and "habitual offender" labels from his conviction there. He says that the St. Francis County case was dismissed on March 2, 2009, and that this fact gives rise to this current claim, although he concedes that he has not raised the claim in the courts of the State of Texas.

Guy also asserts that the charge in Texas was "false" and that he pleaded guilty because he was threatened with 99 years if he did not. He says that he was told that he would do 40 months in prison in Texas prison if he pleaded guilty, but instead, he was taken to Arkansas 14 years ago and "abandoned" there.

In answering Guy's petition, the Director of the Arkansas Department of Corrections stated that Guy pleaded guilty to rape in the Circuit Court of Crittenden County, Arkansas and is serving a 40-year sentence in the Arkansas Department of Corrections. Guy also pleaded guilty to a charge of attempted rape in St. Francis County, but this conviction has been vacated.

The on-line records of the Sixth Judicial District Court of Appeals in Texarkana, Texas show that Guy filed a notice of appeal of his Gregg County conviction on August 13, 1996, and his conviction was affirmed on April 25, 1997. On September 12, 1997, a *pro se* motion for extension of time in which to seek discretionary review was denied. The on-line records of the Texas Court of Criminal Appeals show that Guy has filed nothing with that Court challenging his conviction, neither a petition for discretionary review nor a state habeas corpus application.

After review of the pleadings, the Magistrate Judge issued a Report on August 12, 2009, recommending that the petition be dismissed. The Magistrate Judge stated first that Guy's complaint that his Gregg County conviction was enhanced with an Arkansas conviction that was later set aside has not been exhausted in the courts of the State of Texas, noting that Guy acknowledged in his petition that he had not sought relief in the courts of the State of Texas.

2

The Magistrate Judge then went on to say that Guy's claims surrounding the circumstances of his Gregg County conviction, including his claim that he was threatened with a 99-year sentence if he did not plead guilty, that the charge against him was false, and that he was promised that he would do 40 months in the Texas prison, but was taken to Arkansas and "abandoned" there, were barred by the statute of limitations. Finally, the Magistrate Judge said that Guy's remaining claim, that the trial court erred by refusing to dismiss the indictments for failure to comply with the terms of the Interstate Agreement on Detainers, was also barred by the statute of limitations. The Magistrate Judge thus recommended that Guy's petition be dismissed without prejudice as to the unexhausted claim and with prejudice as to the remaining claims.

Guy filed objections to the Magistrate Judge's Report on August 19, 2009. In his objections, Guy says first that he is actually innocent of the Gregg County charges and that he was forced to plead guilty through threats and coercion. He says that a "proper investigation" will show that he was not even in the State of Texas at the time that the offense was alleged to have been committed. Guy reiterates that the St. Francis County conviction has been vacated and says that the Crittenden County offense is "under attack where DNA tests have proven that your petitioner was not the perpetrator in the crime."

Next, Guy says that he has not been able to challenge the Texas convictions because the Arkansas Department of Corrections does not supply inmates with any state laws other than Arkansas. He says that the fact that he is housed in Arkansas is a "rare and exceptional circumstance" and that the lack of a sufficient law library containing the laws needed to challenge the Texas convictions is enough to toll the statute of limitations. He again says that he was supposed to serve his convictions concurrently in the State of Texas, but that after his conviction in Gregg County, he was transported to Arkansas, and the State of Texas failed to seek his return.

Guy argues that he has not "slept on his rights" because he has used his time to successfully challenge his Arkansas convictions, of which he says one has been overturned and the other is in litigation with DNA evidence that excludes him as a contributor. He says that he has no access to

3

the Texas Code of Criminal Procedures while confined in Arkansas, and that the denial of access to legal materials is a basis for equitable tolling of the limitations period. If his petition is denied, he says, his protections under the Great Writ will be dismissed, and that it is a violation of due process for an innocent person to be convicted. Guy says that it is "no coincidence" that the State of Texas leads the nation in DNA exonerations and that he himself is one of the innocent people who remain wrongly convicted.

Guy argues that several circuits have held that the exhaustion requirement can be excused. He cites Slutzker v. Johnson 393 F.3d 373 (3rd Cir. 2004), in which the Third Circuit held that (1) exhaustion was excused on a Brady claim because it could not be raised in state court, (2) the claim was procedurally defaulted and thus barred unless the petitioner could show cause and prejudice for the failure to raise it earlier; and (3) the petitioner made an adequate showing of cause and prejudice. Guy also cites Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005), in which the Sixth Circuit held that inordinate delays in the processing of state remedies could lead to excusal of the exhaustion requirement, and Padavich v. Thalacker, 162 F.3d 521 (8th Cir. 1998), in which the Eighth Circuit excused the exhaustion requirement in favor of a ruling on the merits of a patently meritless claim. However, Guy makes no showing that any of these cases are relevant to his situation; instead, he simply argues that the Court should find that the exhaustion requirement is excused, or, in the alternative, that the petition be dismissed without prejudice *in toto* to allow him to seek relief from the courts of the State of Texas. He also asks that the Court order the Attorney General to furnish him with state law materials to allow him to proceed in state court.

Although Guy argues that his confinement out of state is a "rare and exceptional circumstance" justifying equitable tolling, this contention is without merit. *See* Determann v. Lampert, 150 Fed.Appx. 623 (9th Cir., September 21, 2005) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2005 WL 2293506); Washington v. Byrd, slip op. no. 00-6389 (E.D.Pa., March 22, 2002) (unpublished) (available on WESTLAW at 2002 WL 461729); *cf.* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Guy fails to show that he sought

assistance in obtaining state laws by contacting officials at the Texas Department of Criminal Justice, or through the inter-library loan program at the law library in the Arkansas prison. Guy has failed to show that the limitations period should be equitably tolled and his claim on this point is without merit.

Similarly, Guy has failed to show any valid basis for his failure to present his unexhausted claim in the courts of the State of Texas. Although he says that he cannot get access to Texas law or Texas forms while confined in Arkansas, he fails to show why he could not contact the district court of Gregg County or the Texas Court of Criminal Appeals in Austin to obtain the required Texas state habeas corpus form in order to file such a petition in state court. The Magistrate Judge correctly determined that while Guy's claim which relied on the setting aside of his Arkansas conviction was not barred by limitations, he nonetheless had to exhaust this claim, and had failed to do so. Guy's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petitions, the answers filed by the Texas and Arkansas officials, the Petitioner's motion to dismiss the Gregg County case, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice as to Guy's claim that his Texas sentence should be modified or vacated to reflect the setting aside of his St. Francis County, Arkansas conviction, and DISMISSED with prejudice as barred by the statute of limitations as to all other claims in the petition, including but not limited to Guy's claims that his guilty plea was coerced by threats, that the plea was induced by a promise that he would be incarcerated in Texas rather than Arkansas, that he is actually

innocent, and that his conviction was in violation of the Interstate Agreement on Detainers.  It is further

ORDERED that the Petitioner Bennie Guy is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 25th day of August, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE